

PABLO A. FERNANDEZ
SENIOR COUNSEL
DIRECT TEL.: 516.355.9628
DIRECT FAX: 516.355.9660
PFERNANDEZ@RFRIEDMANLAW.COM

June 16, 2023

**VIA ECF**

Honorable James M. Wicks
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re.:   *McGuire v. Inc. Village Hempstead, et al.*
             20-cv-2117 (JMA)(JMW)
             *Wilke v. Inc. Village of Hempstead, et al*.
             22-cv-00920 (JMA)(JMW)
             *Pruitte v. Inc. Village of Hempstead, et al.*
             22-cv-03671 (JMA)(JMW)
             *Fisher v. Inc. Village of Hempstead, et al.*
             22-cv-03805 (JMA)(JMW)

Dear Judge Wicks:

The Russell Friedman Law Group, LLP represents Plaintiffs in the above-referenced actions. I write further to Your Honor's June 8, 2023 Order to provide the Court with relevant law regarding the doctrine of r*espondeat superior*.

Pursuant to the doctrine of *respondeat superior*, an employer can be held vicariously liable for torts committed by an employee acting within the scope of employment. *See Fernandez v. Rustic Inn, Inc.,* 60 A.D.3d 893, 896, 876 N.Y.S.2d 99, citing *Judith M. v. Sisters of Charity Hosp.,* 93 N.Y.2d 932, 933, 693 N.Y.S.2d 67, 715 N.E.2d 95). Pursuant to the doctrine, an "employer may be liable when the employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment." *Judith M. v. Sisters of Charity Hosp.,* 93 N.Y.2d at 933, 693 N.Y.S.2d 67, 715 N.E.2d 95. *See also Horvath v. L & B Gardens, Inc.*, 89 AD3d 803, 803 [2d Dept 2011]; *Faragher v. City of Boca Raton,* 524 US 775, 118 S. Ct. 2275 (1998).

The central premise to *respondeat superior* is vicarious liability—the imputation of liability to a defendant for another person's fault, based on defendant's relationship with the wrongdoer. Vicarious liability focuses on the notion of control. Thus, the person in a position to exercise some



general authority or control over the wrongdoer must do so or bear the consequences. *Prosser and Keeton*, Torts § 69, at 500 [5th ed. 1984]. The classic example is liability of an employer for the acts of its employees within the course of employment, evidencing the public policy foundations of vicarious liability. The risk is allocated to the employer because the employer is better able than the innocent plaintiff to bear the consequences of employees' torts, and by the imputation of liability is also encouraged to act carefully in the selection and supervision of its employees.

Thus, under the doctrine of *respondeat superior*, "an employer may be held vicariously liable for a tort committed by an employee in the course of performance of his or her duties." *Murray v. Watervliet City School Dist.*, 130 AD2d 830. However, if the tort was committed by the employee solely for personal ends, rather than in furtherance of or incident to the employer's business, liability for the employee's acts may not be imputed to the employer *(Horowitz v. Sears, Roebuck & Co.*, 137 AD2d 492). What constitutes the "scope of employment" is most often a jury question. See, *Riviello v. Waldron*, 47 NY2d 297, 302-303; *Young Bai Choi v. D & D Novelties*, 157 AD2d 777, 778). See also *Hall v. Danforth*, 172 AD2d 906, 906-07 [3d Dept 1991].

Village Defendants' position that the sexual assaultive nature of the conduct necessarily separates Defendant Guevrekian's acts from those that fall within *respondeat superior* is not a complete and accurate reading of the legal principles behind the doctrine. The fact that an employee's actions constituted a tort, or even a crime, does not necessarily relieve his employer of liability as a matter of law. Although, generally, an employer will not be held liable for an employee's criminal attack on a third party (*see, e.g., Adams v. New York City Transit Auth.*, 88 N.Y.2d 116, 643 N.Y.S.2d 511, 666 N.E.2d 216), where the employee is afforded the discretionary authority to employ assaultive tactics, vicarious liability may lie. For instance, a municipality may be vicariously liable for a brutal assault committed by a police officer (*see, Rodriguez v. City of New York*, 92 A.D.2d 813, 460 N.Y.S.2d 306, *affd.* 62 N.Y.2d 673, 476 N.Y.S.2d 291, 464 N.E.2d 989); a bar may be vicariously liable for a violent assault by its bartender or bouncer. See, *Sims v. Bergamo*, 3 N.Y.2d 531, 169 N.Y.S.2d 449, 147 N.E.2d 1. "[T]he test has come to be '"whether the act was done while the servant was doing his master's work, no matter how irregularly, or with what disregard of instructions."' *Riviello v. Waldron, supra*, 47 N.Y.2d, 297, 302, 418 N.Y.S.2d 300, 391 N.E.2d 1278, quoting *Jones v. Weigand*, 134 App.Div. 644, 645, 119 N.Y.S. 441, quoted in *Baker v. Allen & Arnink Auto Renting Co.*, 231 N.Y. 8, 12–13, 131 N.E. 551.

In considering whether to apply the doctrine of *respondeat superior*, it is important to bear in mind the purpose of the doctrine. The doctrine is an attempt at risk allocation: it imposes upon employers the costs of employees' tortious conduct because the employer derives benefits from the activities which expose others to the misconduct of their employees. *See,* Prosser and Keeton, The Law of Torts, § 69, at 500 [5th ed.]; *Kavanaugh v. Nussbaum*, 71 N.Y.2d 535, 528 N.Y.S.2d 8, 523 N.E.2d 284; Sykes, *The Boundaries of Vicarious Liability: An Economic Analysis of the Scope of Employment Rule and Related Legal Doctrines*, 101 Harv. L. Rev. 563, 564–581). Particularly where the employer has bestowed upon the employee substantial job-related authority, the employer reaps a benefit from that assignment of authority, and should therefore bear the risk that an employee will abuse that authority. *see,* Note, *"Scope of Employment" Redefined: Holding*



*Employers Vicariously Liable for Sexual Assaults Committed by their Employees,* 76 Minn. L. Rev. 1513, 1519 [June 1992].

Applying the pertinent legal principles to the factual framework, as alleged within the amended complaints, it should be noted what is hornbook law: the doctrine of *respondeat superior* renders a master vicariously liable for a tort committed by his servant while acting within the scope of his employment. *Mott v. Consumers' Ice Co.*, 73 N.Y. 543; 2 Mechem, Agency (2d ed), s 1874).

Thus, an employer is not necessarily excused merely because his employees, acting in furtherance of his interests, exhibit human faults and perform negligently or otherwise than in an authorized manner. Instead, the test must be "'whether the act was done while the servant was doing his master's work, no matter how irregularly, or with what disregard of instructions.'" *Jones v. Weigand*, 134 App.Div. 644, 645, 119 N.Y.S. 441, quoted in *Baker v. Allen & Arnink Auto Renting Co.*, 231 N.Y. 8, 12-13, 131 N.E. 551, 552-553 (Pound, J.).

Thus formulated, the rule may appear deceptively simple but, because it depends largely on the facts and circumstances peculiar to each case, and heavily dependent on factual considerations, the question is ordinarily one for the jury. *Rounds v. Delaware Lackawanna & Western R. R. Co.*, 64 N.Y. 129, 137-138; see *McLoughlin v. New York Edison Co.*, 252 N.Y. 202, 208, 169 N.E. 277, 279; Note, 45 U. of Cin.L.Rev. 235, 236.

Therefore, it is respectfully submitted that, at this stage, the claim of *respondeat superior* must be allowed to proceed.

Thanking the Court for its time and consideration, I remain

        Respectfully,
        THE RUSSELL FRIEDMAN LAW GROUP, LLP

        */S Pablo A. Fernandez*
        Pablo A. Fernandez

cc:    All Parties (Via ECF)