UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

KRISTEN WILKIE,

                Plaintiff,  **ORDER**

                                    22-CV-00920 (JMA)(JMW)

     -against-

VILLAGE OF HEMPSTEAD, *et al*.

                Defendants.
-----------------------------------------------------------------------X

JAYNE FISHER,

                Plaintiff,

                                    22-CV-03805 (JMA)(JMW)

     -against-

VILLAGE OF HEMPSTEAD, *et al*.

                Defendants.
-----------------------------------------------------------------------X

**A P P E A R A N C E S:**

Pablo A. Fernandez, Esq.
Charles H. Horn, Esq.
**The Russell Friedman Law Group, LLP**
400 Garden City Plaza, Ste 500
Garden City, NY 11530
*Attorneys for Plaintiffs*

Daniel Robert Lecours, Esq.
**Harris Beach PLLC**
677 Broadway, Ste 1101
Albany, NY 12207
*Attorney for Defendants Village of Hempstead,*
*Village of Hempstead Police Department,*
*Village of Hempstead Police Chief Paul Johnson,*
*Village of Hempstead Police Officer John Does #1-5*

William J Garry, Esq.
**Harris Beach PLLC**
333 Earle Ovington Blvd., Ste. 901
Uniondale, NY 11553
*Attorney for Defendants Village of Hempstead,*
*Village of Hempstead Police Department,*
*Village of Hempstead Police Chief Paul Johnson,*
*Village of Hempstead Police Officer John Does #1-5*

Anthony M. LaPinta, Esq.
Kyle O Wood, Esq.
**Reynolds, Caronia, Gianelli & La Pinta P.C.**
200 Vanderbilt Motor Parkway, Ste C-17
Hauppauge, NY 11788
*Attorneys for Defendant Village of Hempstead*
*Police Officer Jack Guevrekian*

**WICKS,** Magistrate Judge:

      Plaintiffs Kristen Wilkie, and Jayne Fisher (collectively, "Plaintiffs") each bring actions against Defendants Village of Hempstead, Village of Hempstead Police Department, Village of Hempstead Police Chief Paul Johnson, and Jack Guevrekian.  Plaintiffs' claims stem from the alleged sexual assaults committed by Guevrekian against Plaintiffs from 2013 to 2019.  There are five cases currently on a joint discovery track before the undersigned: 20-cv-02117; 21-cv-04268, 22-cv-00920, 22-cv-03671, and 22-cv-03805.

      Before the Court are two motions by The Russell Friedman Law Group, LLP ("Firm") for leave to withdraw as counsel of record, one in 22-cv-00920 at Docket Entry 35 ("DE 35"), and one in 22-cv-03805 at Docket Entry 30 ("DE 30").  These motions are unopposed.  Plaintiffs are represented by Pablo A. Fernandez and Charles H. Horn from the Firm.  The former filed these motions on behalf of the Firm seeking withdrawal on the same grounds -- lack of communication.  Accordingly, the Court addresses these motions concomitantly.

For the reasons below, the subject motions are granted, and Pablo A. Fernandez and Charles H. Horn are hereby terminated as counsel of record.

## DISCUSSION

The grounds advanced seeking permissive withdrawal here are Plaintiffs' persistent lack of communication with counsel which has resulted in counsel's inability to properly represent Plaintiffs. (DE 30-2 at 2-3; DE 35-2 at 2-3.)

Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York governs the displacement of counsel who have appeared:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

E.D.N.Y. Local R. 1.4.

"Whether to grant or deny a motion to withdraw as counsel is within the sound discretion of the district court." *Finkel v. Fraterrelli Brothers, Inc.*, No. 05-CV-1551 (ADS)(AKT), 2006 WL 8439497, at *1 (E.D.N.Y. Dec. 4, 2006) (citing *Whiting v. Lacara*, 187 F.2d 317, 320 (2d Cir. 1999)). New York's Rules of Professional Conduct ("NYRPC")[1] neatly divide the bases for withdrawal into two broad categories, namely, mandatory (*see* NYRPC rule 1.16[b]) and

---

[1] "The New York Rules of Professional Conduct govern the conduct of attorneys in federal courts sitting in New York as well as in New York State courts." *Steele v. Bell*, No. 11-CV-9343 (RA), 2012 WL 6641491, at *2 n.1 (S.D.N.Y. Dec. 19, 2012) (citation omitted).

permissive (*see* NYRPC rule 1.16[c]).  The grounds proffered here -- a breakdown in attorney-client relationship -- fall within the permissive bucket (*see* NYRPC rules 1.16[c][7][2]).

The American Bar Association Code of Professional Responsibility ("Model Code") provides further guidance on permissive withdrawal of an attorney.[3]  Such circumstances include when "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled," Model Code 1.16(b)(5), or when "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." *Id.* at 1.16(b)(6).  Both the Model Code and the NYRPC lend guidance as to what grounds constitute good cause to grant such a motion.  *See Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999) (citing among others *Joseph Brenner Assocs. v. Starmaker Ent., Inc.*, 82 F.3d 55, 57 (2d Cir. 1996)).

The Firm represents that both Plaintiffs have "repeatedly failed to communicate with and maintain contact with the Firm an assist in the prosecution of [their] case."  (DE 30-2 at 2; DE 35-2 at 2.)  Further, the Firm notes that because of this behavior, the Firm is "no longer in a position to be able to perform work" on behalf of Plaintiffs.  (*Id*.)  A review of the declarations filed in support of the motions reflect that Plaintiffs have indeed failed to maintain reasonable contact with their counsel, and thus, have frustrated the Firm's ability to prosecute these actions on their behalf.

---

[2] Withdrawal based upon an uncooperative client is permitted when "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively."

[3] Courts in this Circuit look to the Model Code for guidance regarding professional conduct of the bar. *See Arifi v. de Transp. Du Cocher, Inc.*, 290 F. Supp. 2d 344, 348 (E.D.N.Y. 2003) (Glasser, J.).

First, Plaintiff Fisher (1) engaged in sporadic communication, (2) failed to keep multiple appointments, and (3) could not be reached for long stretches of time without explanation. (DE 30-1 at ¶¶ 8-9.) Fisher finally reached out on June 1, 2023, after not responding to multiple attempts to contact her throughout most of the May 2023. (*Id*. at ¶ 9.) Fisher was expressly told that the Firm had been trying to reach her, was explained the importance of maintaining communication, and was told that her failure to maintain contact would result in the Firm seeking to be relieved as counsel. (*Id*.) An appointment was also setup for later that same day. (*Id*.) Fisher failed to show for the appointment and did not respond to the Firm's attempts to reach her. (*Id*.)

Second, Plaintiff Wilkie failed to communicate with the Firm for "several months" despite repeated text messages, voicemails, and emails. (DE 35-1 at ¶ 8.) Wilkie then randomly reached out to the Firm on June 16, 2023 and an appointment was made for June 19, 2023. (DE 35-1 at ¶¶ 8-9.) Wilkie was informed that her failure to show up for her appointment would lead to the Firm seeking withdrawal. (*Id*. at ¶ 9.) June 19, 2023 came and went, and Wilkie was in the wind once again. (*Id*. at ¶ 10.)

The Firm further asserts that Plaintiffs have generally failed to notify it of their whereabouts, have not cooperated with the discovery process, and had not been heard from as of the date the subject motions were filed. (DE 30-1 at ¶ 7, 10; DE 35-1 at ¶ 7, 9.) The Firm's uncontroverted assertions are further supported by the May 1, 2023 status report, and representations made at the June 8, 2023 motion hearing. Plaintiffs' counsel informed the Court that difficulty communicating with and reaching Plaintiffs had been a re-occurring roadblock in their ability to resolve outstanding discovery disputes and to move the cases forward. (*See* DE 26 (22-cv-03805); DE 29 (same).)

The Court is satisfied that Plaintiffs have made it unreasonably difficult for counsel to effectively represent them such that permissive withdrawal is warranted. *See White v. Advanced Cardiovascular Diagnostics, PLLC*, No. 22-CV-2587 (AMD)(JMW), 2023 WL 2163777, at *3 (E.D.N.Y. Feb. 22, 2023) (withdrawal appropriate due to breakdown in attorney-client relationship where, *inter alia*, defendants did not cooperate with counsel during mediation process); *Guichard v. Toulon*, No. 19-CV-3443 (JS)(JMW), 2022 WL 2612351, at *2 (E.D.N.Y. June 1, 2022) (same where plaintiff "ha[d] been unresponsive, and [counsel] ha[d] been unable to act effectively in litigating th[e] matter.").

Further, the motions are unopposed. *See Guichard*, 2022 WL 2612351, at *2 (noting that considering the unreasonable breakdown in communication "coupled with no opposition from the client, the Court concludes there are sufficient grounds for withdrawal."). All interested parties were given until July 7, 2023 to file an opposition, if any, to the instant motions. Notably, the dockets in both actions reflect that Plaintiffs were each served with copies of the instant motions via email and first-class mail. (DE 32 (22-cv-03805); DE 39 (22-cv-00920).) No opposition was filed.

The Court notes that Plaintiff Fisher did send a letter to the Court dated July 26, 2023. (DE 36 (22-cv-03805).) However, in that letter, Fisher does not controvert the Firm's general allegations regarding her *repeated* failure to properly communicate with the Firm. (*Id*.) Fisher does ask for time to obtain new counsel.[4] Subsequently, on July 31, 2023, the Firm filed a motion for extension of time (DE 37 (22-cv-03805)) noting that Fisher dropped by the office the

---

[4] On July 28, 2023, the *pro se* office returned the letter without docketing or consideration on the basis that Plaintiff Fisher is a represented party that cannot file papers or communicate directly with the Court. However, given that (1) the Court invited opposition, if any, to the motion to be filed, and (2) the apparent breakdown in communication between the Firm and Fisher, the Court finds that consideration of the letter is appropriate under the circumstances.

6

week prior and indicated she would be seeking new counsel. The Firm re-iterated Fisher's request for time to obtain counsel.

Relatedly, the Firm requested, as part of the instant motions, that both of these actions (22-cv-03805 and 22-cv-00920) be severed from the others and a period of 60-days be given to Plaintiffs to find new counsel. Given the similarity between the actions, coordinated discovery remains the most efficient manner of proceeding considering that (1) 60 days is sufficient time to allow Plaintiffs Fisher and Wilkie adequate time to retain counsel as well as for all plaintiffs to proceed with paper discovery, and (2) a third case (21-cv-4268) is currently stayed while the clock to file a substitution motion under Rule 25(a)(1) runs.

Therefore, Plaintiffs are afforded 60 days to retain new counsel. *See Munoz v. City of New York*, No. 04-CV-1105 (JGK), 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) ("The Court will stay this action for sixty (60) days to allow the plaintiff the opportunity to obtain other representation, or to decide to continue the case pro se."). Considering this provision, Plaintiffs would not be unduly prejudiced by withdrawal. *See Harris v. Millington*, No. 2007-CV-3391 (ERK)(MDG), 2008 WL 11438291, at *1 (E.D.N.Y. Sept. 18, 2008) (*"*Although discovery has not completed, this Court will stay discovery to give defendant time to seek new counsel and will issue a new scheduling order at the next conference."); *see also Whiting v. Lacara*, 187 F.2d 317, 321 (2d Cir. 1999) (finding that granting motion to withdraw would not cause undue delay because discovery was not complete and trial was not scheduled) (citation omitted).

The status conference set for August 21, 2023 in 20-cv-02117; 22-cv-00920, 22-cv-03671, and 22-cv-03805, is rescheduled for **October 10, 2023, at 11:00 AM** before the undersigned via Zoom. Plaintiffs Fisher and Wilkie shall have until then to secure new counsel and then to provide all outstanding paper discovery. The remaining dates and deadlines shall be

7

addressed at this conference. Plaintiffs are forewarned that their failure to appear -- either with counsel or *pro se* at the next scheduled conference on October 10, 2023 may result in the undersigned recommending to the District Judge that this case be dismissed for a failure to prosecute.

Lastly, the Court notes that the Firm has neither asserted a retaining or a charging lien in any of its filings related to the instant motions, and therefore the Court need not address the issue of a lien.

## **CONCLUSION**

For the reasons stated above, the Firm's motions to withdraw, and motion for extension of time, are granted and Pablo A. Fernandez and Charles H. Horn are hereby terminated as counsel of record for Plaintiffs in 22-cv-00920 (DE 35), and 22-cv-03805 (DE 30; DE 37).

The Firm shall serve a copy of this Order on Plaintiffs Fisher and Wilke by text, email and first-class mail at their last known addresses on or before August 7, 2023. The Firm shall then file proof of service on ECF within two days of service.

Dated: Central Islip, New York
August 1, 2023

**S O  O R D E R E D:**

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge