UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KRISTEN WILKIE,

                *Plaintiff*,

       -against-

VILLAGE OF HEMPSTEAD, *et al.*,

               *Defendants*.
----------------------------------------------------------------X

*SUA SPONTE*
**REPORT AND**
**RECOMMENDATION**
22-CV-00920 (NJC) (JMW)

**WICKS,** Magistrate Judge:

    *Pro se* Plaintiff Kristen Wilkie ("Plaintiff") commenced this action pursuant to 42 U.S.C § 1983 on February 19, 2022, against Village of Hempstead, Village of Hempstead Police Department, Paul Johnson, and Jack Guevrekian (collectively, "Defendants") alleging she was unlawfully detained and sexually assaulted by Village of Hempstead Police Officers from the period of 2015 to 2020. (ECF No. 1.) Since the commencement of the action over a year ago, *pro se* Plaintiff has failed to comply with a multitude of Court orders – including both discovery and status conference orders.

    The Court has made clear that Plaintiff's noncompliance would have repercussions, including recommended dismissal, by forewarning that continued failure to abide by Court orders would result will result in the undersigned recommending to the District Judge that the case should be dismissed "for failure to prosecute under Fed. R. Civ. 41(b)." (*See* ECF Nos. 41, 45). Because those warnings were not heeded, the Court now respectfully recommends *sua sponte* to the Hon. Nusrat Jahan Choudhury that the action now be dismissed for failure to prosecute.

1

## BACKGROUND

On May 2, 2023, the Court ordered Plaintiff to produce all outstanding discovery on or before June 8, 2023. (Electronic Order Dated May 2, 2023). However, at a status conference on June 8, 2023, Defendants had advised that outstanding discovery had not been produced. (ECF No. 30.) In an Electronic Order dated June 28, 2023, the Court noted that Plaintiff was "previously directed to provide any outstanding discovery on or before the June 8, 2023, status conference, and at that conference Defendants advised that outstanding discovery had not been produced[.]" (Electronic Order Dated June 28, 2023.) The Court found Plaintiff's counsel "failed to provide good cause for Plaintiffs failure to provide outstanding discovery, citing only difficulties communicating with their clients[,]"and ordered Plaintiff to produce all outstanding discovery on or before July 31, 2023. (*Id*.)

On June 20, 2023, Plaintiff's former attorneys – Charles Horn ("Horn") and Pablo Fernandez ("Fernandez") of The Russel Friedman Law Group, LLP ("RFLG") – moved to withdraw as Plaintiff's counsel and expressed "extreme difficulty in communicating with Plaintiff." (ECF No. 35-1.) Fernandez further informed the Court Plaintiff "failed to notify [his] firm of her whereabouts and [had] not been cooperative in the discovery process." (*Id*.) Fernandez requested to withdraw on the grounds that Plaintiff "failed to maintain contact with [his firm] and assist in the prosecution of her case" and his firm could not "continue to properly represent a client under these circumstances." (*Id*.)

This Court subsequently granted RFLG's motion to withdraw as counsel for Plaintiff and terminated Fernandez and Horn as counsel of record in an order dated August 1, 2023. (ECF No. 41.) The Court acknowledged Plaintiff "made it unreasonably difficult for counsel to effectively represent [her] such that permissive withdrawal [was] warranted[,]" and afforded Plaintiff 60

2

days to retain new counsel. (*Id.*)[1] In the same order, the Court directed Plaintiff to appear for a status conference set for October 10, 2023 (the "October 10 Conference") and directed Plaintiff to provide Defendants with "all outstanding paper discovery." (*Id.*) Notably, the Court warned Plaintiff that her "failure to appear— either with counsel or *pro se*" at the October 10 Conference "may result in a recommendation to the District Judge that this case be dismissed for a failure to prosecute." (*Id.*)

Since deciding to proceed *pro se*[2], Plaintiff has failed to appear at two court-ordered conferences. First, Plaintiff failed to appear for the October 10 Conference in violation of this Court's August 8, 2023, Order (ECF No. 41.) On October 10, 2023, this Court issued an order directing Plaintiff to appear for another video conference scheduled for October 31, 2023[3], and again warned Plaintiff that her failure to comply with the order "may result in a *sua sponte* Recommendation to the Hon. Joan M. Azrack recommending dismissal for failure to prosecute under Fed. R. Civ. 41(b)." (ECF No. 45.)[4]

Second, Plaintiff failed to appear for the October 31, 2023, status conference (the "October 31 Conference") and did not otherwise contact the Court (ECF No. 46.) In a Minute Order, this Court advised Plaintiff that "due to [her] failure to appear in Case No. 22-cv-00920, a Report and Recommendation [would] be prepared for the Honorable Nusrat Jahan Choudhury

---

[1] The Court acknowledged the Plaintiff's counsel experienced "difficulty communicating with and reaching" Plaintiff, which was "a re-occurring roadblock in their ability to resolve outstanding discovery disputes and move the case forward." (ECF No. 41 at 5.)

[2] Plaintiff did not obtain counsel within the 60-day time frame allotted by the Court. (*See* ECF No. 41.)

[3] The Court additionally directed Plaintiff to contact chambers at the number below to provide email addresses for the Zoom link to the conference. (ECF No. 45.)

[4] This case was subsequently reassigned to the Hon. Nusrat Jahan Choudhury on October 17, 2023. (See Electronic Order Dated October 17, 2023.)

3

recommending dismissal for failure to prosecute under Fed. R. Civ. 41(b)." (*Id.*) To date, Plaintiff has not responded to either order or otherwise contacted the Court.

## DISCUSSION

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alterations in original) (quoting Fed. R. Civ. P. 41(b)); *see also Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019) ("Although not explicitly authorized by Rule 41(b), a court may dismiss a complaint for failure to prosecute *sua sponte*" (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998))).

"A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste*, 768 F.3d at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.* Here, the factors weigh in favor of dismissal.

*First*, Plaintiff has taken no action to prosecute his case in over four months, since she filed an Amended Complaint on July 24, 2023, before her former counsel withdrew from the case on August 1, 2023. (ECF Nos. 40, 41.) "This period of inaction, over four months long, weighs strongly in favor of dismissal." *Pena v. Zazzle Inc.*, No. 21CV5819 (VEC) (RWL), 2022 WL 676009, at *3 (S.D.N.Y. Feb. 25, 2022) (collecting cases favoring dismissal after four months of inaction).

*Second*, upon the Plaintiff's first failure to comply with a status conference order, the Court put Plaintiff on notice that continued failure to comply with Court Orders "may result in a recommendation to the District Judge that this case be dismissed for a failure to prosecute." (ECF No. 41.) After Plaintiff failed to comply with that Order, the Court put Plaintiff on notice again that her failure to comply with the order "may result in a *sua sponte* Recommendation to the Hon. Joan M. Azrack recommending dismissal for failure to prosecute under Fed. R. Civ. 41(b)." (ECF No. 45.) Accordingly, this factor also weighs in favor of dismissal.

*Third*, any further delay is likely to prejudice Defendants. Plaintiff has failed, without explanation, to take any action in this case for a significant period of time. "Courts may presume such prejudice when, as here, petitioner has caused an 'unreasonable delay.'" *Leybinsky v. United States Citizenship & Immigr. Servs.*, No. 19CV6154 (RPK) (LB), 2020 WL 7295661, at *3 (E.D.N.Y. Dec. 2, 2020).

*Fourth*, the scale balancing the Court's interest with Plaintiff's interest decidedly tips in favor of dismissal. "This factor requires the Court to consider, in relation to each other, the Court's interest in managing its docket and the plaintiff's interest in receiving a fair chance to be heard." *Pena*, 2022 WL 676009, at *4. The Court has a strong interest in managing its docket and "cannot wait indefinitely" for Plaintiff to "turn his attention" to this case. *See id.* Indeed, Plaintiff's failure to obey Court orders or make an attempt to prosecute this case effectively dismisses her right to have the Court hear his claim. *See id.*

*Fifth*, any sanction less drastic than dismissal will be ineffective. Plaintiff has had numerous months to be heard, chances to cure her inaction, and warnings of possible dismissal. And still, she took no action. This indicates that is unlikely that any sanction short of dismissal will be effective. *See Thompson v. Rising Star Beauty Salon Inc.*, No. 15CV3716 (RRM)(RER),

5

2017 WL 3887870, at *2 (E.D.N.Y. Sept. 5, 2017) ("Given Thompson's failure to comply with the Court's order warning of possible dismissal, it is unlikely that a sanction short of dismissal would be effective").

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that this action be dismissed for Plaintiff's failure to prosecute.

## OBJECTIONS

Defendant is directed to serve a copy of this Report and Recommendation on Plaintiff on or before November 9, 2023, by the following three methods: (1) overnight mail through USPS to her P.O. Box, (2) overnight FedEx to Plaintiff's last known addresses, and (3) attaching to a text, a PDF or image of this order to the phone number provided to counsel, and promptly file proof of service for all above methods on ECF.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals.  *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates

6

as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated: Central Islip, New York
November 7, 2023

                                      **RESPECTFULLY RECOMMENDED,**

                              /s/ *James M. Wicks*
                                  JAMES M. WICKS
                              United States Magistrate Judge